IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOWARD H. MORRICAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-52-DGW-SCW |
| | ) | |
| ATLAS COPCO COMPRESSORS, LLC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On June 13, 2014, a hearing was held on the pending motions in this matter and, for the reasons set forth at the hearing and below, the following is hereby **ORDERED**:

1. The Motion for a More Definite Statement filed by Georgia-Pacific Corporation and Ingersoll-Rand Company on January 24, 2014 (Doc. 17) is **DENIED in part and found as MOOT in part**. This Motion was withdrawn as to Georgia-Pacific Corporation. As to Intersoll-Rand Company, Defendant argues that Plaintiff "aggregates allegations against several defendants in a single, unspecific statement" thus violating notice pleading requirements. To satisfy a notice-pleading standard of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). In other words, the Plaintiff's complaint must be sufficient to provide the Defendant with fair notice of the Plaintiff's claim and its basis. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 934 (7th Cir.2012), *citing Ericson v. Pardus,* 551 U.S. 89, 93 (2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a claim when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." *Id.* "Encouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the Plaintiff's claim)." *EEOC v. Concentra Health Servs. Inc.,* 496 F.3d 773, 779–80 (7th Cir.2007). It is enough to name the Plaintiff and the Defendant, state the nature of the grievance, and give a few details that will let the Defendant investigate. *Id.*; *See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–13 (2002); *McDonald v. Household International, Inc.,* 425 F.3d 424, 427–28 (7th Cir.2005). The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir.2003). The details Defendant requires can be acquired through discovery. Plaintiff has stated a claim: additional facts are not necessary at this stage of the litigation. In addition, as noted in this Court's scheduling Order, Plaintiff is required to file an amended complaint once the evidence reveals more detail as to the allegedly culpable parties.

2. The Motions to Dismiss Counts IV and V filed by Foster Wheeler, L.L.C., Pneumo Abex Corporation, John Crane, Inc., Buffalo Pumps, Inc., Imo Industries, Inc., Warren Pumps, L.L.C., Crane Co., General Electric Company, and CBS Corporation (Docs. 25, 31, 32, 46, 47, 48, 57, 100, and 120) are **MOOT** in light of Plaintiff's representations that these Counts will be dismissed as to the moving Defendants.

3. The Motion to have all Counterclaims Deemed Filed and Answered pursuant to F.R.C.P 5(c)(1)(B) (DcO. 58) is **TAKEN UNDER ADVISEMENT** pending consideration of proposed

orders; and, the Motion for Joinder (Doc. 60) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: June 20, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**
